UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KIMBERLY BARRETT; and
JEFFERY BARRETT,

                          Plaintiffs,

v.                                            3:22-CV-0951
                                            (LEK/ML)
EVERETT BENEDICT,

                          Defendant.

_____

KIMBERLY BARRETT; and
JEFFERY BARRETT,

                          Plaintiffs,

v.                                              3:22-CV-0952
                                            (LEK/ML)
KRISTY BLAISURE-ASHLEY,

                          Defendant.

_____

APPEARANCES:                                     OF COUNSEL:

KIMBERLY BARRETT
  Plaintiff, *Pro Se*
22 McAllister Road
Windsor, New York 13865

JEFFERY BARRETT
  Plaintiff, *Pro Se*
22 McAllister Road
Windsor, New York 13865


MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

The Clerk has sent two *pro se* complaints in the above captioned actions[1] together with (1) applications to proceed *in forma pauperis*, and (2) motions to appoint counsel, filed by Kimberly Barrett and Jeffery Barrett (collectively "Plaintiffs") to the Court for review.  (*Barrett I*, Dkt. Nos. 1, 2, 3; *Barrett II*, Dkt. Nos. 1, 2, 3.)[2]  For the reasons discussed below, I (1) grant Plaintiffs' *in forma pauperis* applications, (2) deny their motions for appointment of counsel, and (3) recommend that Plaintiffs' Complaints be dismissed in their entirety without prejudice and without leave to amend.  (*Barrett I*, Dkt. Nos. 1, 2, 3; *Barrett II*, Dkt. Nos. 1, 2, 3.)

## I.     BACKGROUND

Construed as liberally[3] as possible, Plaintiffs' Complaint in *Barrett I*—which was completed on a form complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1983— alleges that defendant Everett Benedict ("Defendant Benedict") made false allegations against Plaintiffs and Whispering Acres Rescue, causing Whispering Acres Rescue to close and serious mental anguish to the Barrett family.  (*Barrett I*, Dkt. No. 1.)  Based on these factual allegations, Plaintiffs appear to assert one cause of action for slander.  (*Id.*)  Plaintiffs do not appear to be seeking any relief.  (*Id*. at 4.)

---

[1]     *Barrett v. Benedict*, 3:22-CV-0951 (LEK/ML) ("*Barrett I*"); *Barrett v. Blaisure-Ashley*, 3:22-CV-0952 (LEK/ML) ("*Barrett II*").

[2]     The Court also notes that Plaintiff filed a third *pro se* complaint with the Court, which was administratively closed on September 16, 2022.  (*Barrett v. Grubham*, 3:22-CV-0953 (LEK/ML) ("*Barrett III*", Dkt. Nos. 1, 4.)  Pursuant to the administrative closure, if Plaintiffs desired to pursue the action, they were directed to pay the filing fee or submit a completed IFP application within thirty days.  (*Barrett III*, Dkt. No. 4 at 2.)  Thirty-days after the issuance of the Court's order on September 16, 2022, elapsed on October 16, 2022.

[3]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiffs' Complaint in *Barrett II*—which is virtually identical to their Complaint in *Barrett I* and was also completed on a form complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1983—alleges that defendant Kristy Blaisure-Ashley ("Defendant Blaisure-Ashley") made false allegations against Plaintiffs and Whispering Acres Rescue, causing Whispering Acres Rescue to close and serious mental and physical anguish to the Barrett family. (*Barrett II*, Dkt. No. 1.)  Based on these factual allegations, Plaintiffs appear to assert the following two causes of action: (1) a claim for slander, and (2) a claim for harassment.  (*Id.*) Plaintiffs seek monetary damages in the amount of $250,000.00.  (*Id.* at 4.)

Plaintiffs also filed applications for leave to proceed *in forma pauperis*.  (*Barrett I*, Dkt. No. 2; *Barrett II*, Dkt. No. 2.)

## II.    PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.[4]  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiffs' *in forma pauperis* applications (*Barrett I*, Dkt. No. 2; *Barrett II*, Dkt. No. 2), the Court finds that

---

[4]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

Plaintiffs meet this standard.  Therefore, Plaintiffs' applications to proceed *in forma pauperis* are granted.[5]

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint

---

[5]      Plaintiffs are reminded that, although the applications to proceed *in forma pauperis* have been granted, they will still be required to pay fees that they may incur in this action, including copying and/or witness fees.

for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiffs' Complaints with this principle in mind, I recommend that all causes of action be dismissed.

Although Plaintiffs' Complaints are on form complaints pursuant to 42 U.S.C. § 1983, Plaintiffs cannot proceed under that statute because none of the alleged actors are state actors or acting under color of state law.

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not state actors, and are not liable under § 1983.  *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yartsky*, 457 U.S. 991, 1002 (1982)).  A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).  Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law . . . collaborated with a private person . . . to deprive the plaintiff of a constitutional right."  *Fries v. Barns*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. at 144).

Here, the Complaints fail to allege facts plausibly suggesting that Defendants Benedict or Blaisure-Ashley were a "state actor" or were "collaborating" with state actors.  Plaintiffs' inclusion of citations to the statute—42 U.S.C. § 1983—pre-printed on their form Complaints,

does not change that the Complaints are devoid of factual allegations alleging any state involvement.  (*See generally Barrett I*, Dkt. No. 1; *Barrett II*, Dkt. No. 1.)

Moreover, even applying special solicitude, the undersigned can identify no other law or statute under which Plaintiffs can properly bring their claims in this Court.  It appears that Plaintiffs are contending that Defendants violated New York common law slander provisions and Defendant Blaisure-Ashley harassed Plaintiffs pursuant to New York law.[6]  Because Plaintiffs' claims do not present a federal question—one that alleges a colorable claim arising under the Constitution, laws, or treaties of the United States—the only other basis for subject matter jurisdiction is if there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy.  28 U.S.C. § 1332.

Here, Plaintiffs allege that they and Defendants are citizens of New York state.  (*See Barrett I*, Dkt. No. 1 at 1; *Barrett II*, Dkt. No. 1 at 1.)  Thus, the Court lacks subject matter jurisdiction based on diversity of citizenship because the state citizenship of Plaintiffs is not diverse from the state citizenship of Defendants.  *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust*, 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)) ("Subject matter jurisdiction can never be waived or forfeited.").

---

[6]     Further, the Court notes that "New York does not recognize a common law cause of action for . . . harassment."  *Harris v. Summers*, 14-CV-0013, 2014 WL 1340032, at *5 (N.D.N.Y. Apr. 3, 2014) (Kahn, J.) (citing *Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, 07-CV-5441, 2009 WL 817852, at *11 (E.D.N.Y. Mar. 27, 2009) ("Plaintiff's claim for harassment is dismissed because New York does not recognize a common law cause of action for harassment.")); *see Sonnick v. Budlong*, 20-CV-0410, 2020 WL 2999109, at *9, n.11 (N.D.N.Y. June 4, 2020) (Lovric, M.J.) ("New York does not recognize private causes of action for stalking, harassment, or trespass."), *report and recommendation adopted by*, 2020 WL 4345004 (N.D.N.Y. July 29, 2020) (McAvoy, J.); *but see Poulos v. City of New York*, 14-CV-3023, 2016 WL 224135, at *3 (S.D.N.Y. Jan. 19, 2016) (collecting cases) (New York courts "are divided as to whether New York law recognizes harassment as an independent tort.").

As a result, after carefully reviewing Plaintiffs' Complaints, I find that there is no basis

for jurisdiction and recommend that they be dismissed.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding

L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

Here, a better pleading could not cure the Court's lack of subject matter jurisdiction

described above.  As a result, I recommend that Plaintiffs' Complaints be dismissed without

prejudice and without leave to amend.  *See McKie v. Kornegay*, 21-1943, 2022 WL 4241355, at

---

[7]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015)
(Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171
F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can
rule out any possibility, however unlikely it might be, that an amended complaint would be
successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

*2 (2d Cir. Sept. 15, 2022) ("A dismissal for lack of subject matter jurisdiction must be without prejudice").

## VI.   PLAINTIFFS' MOTIONS TO APPOINT COUNSEL

Plaintiffs have also submitted requests for appointment of counsel.  (*Barrett I*, Dkt. No. 3; *Barrett II*, Dkt. No. 3.)  The applications indicate that Plaintiff has not contacted any attorneys on their own behalf in an effort to obtain counsel.  (*Barrett I*, Dkt. No. 3; *Barrett II*, Dkt. No. 3.) Therefore, Plaintiffs' motions are deficient because they do not assert that they have been unsuccessful in their efforts to obtain counsel on their own from the private sector.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994).

Moreover, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62

(2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a

particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899

F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the actions.  As such, the

Court cannot find that Plaintiffs' claims are likely to be of substance.  Plaintiffs' motions

(*Barrett I*, Dkt. No. 3; *Barrett II*, Dkt. No. 3) are therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' applications to proceed *in forma pauperis* (*Barrett I*, Dkt. No.

2; *Barrett II*, Dkt. No. 2) are **GRANTED only for purposes of filing and any appeal unless**

**the trial court certifies in writing that the appeal is not taken in good faith**; and it is further

**ORDERED** that Plaintiffs' motions for appointment of counsel (*Barrett I*, Dkt. No. 3;

*Barrett II*, Dkt. No. 3) are **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND**

**WITHOUT LEAVE TO REPLEAD** Plaintiffs' Complaints (*Barrett I*, Dkt. No. 1; *Barrett II*,

Dkt. No. 1) for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.[8]

---

[8]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein
in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: November  29, 2022
　　　  Binghamton, New York


Miroslav Lovric
U.S. Magistrate Judge

---

[9]　　If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).