UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFERY BARRETT &
KIMBERLY BARRETT,

       Plaintiffs,

 -against-            3:22-CV-0951 (LEK/ML)

EVERETT BENEDICT,

       Defendant.

JEFFERY BARRETT &
KIMBERLY BARRETT,

       Plaintiffs,

 -against-            3:22-CV-0952 (LEK/ML)

KRISTY BLAISURE-ASHLEY,

       Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiffs Jeffery and Kimberly Barrett bring these pro se actions[1] against Defendants Everett Benedict and Kristy Blaisure-Ashley pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that they caused Plaintiffs' animal rescue to close by "knowingly and willingly ma[king] false all[e]gations." Barrett I, Dkt. No. 1; Barrett II, Dkt. No. 1 (collectively, "Complaints"). That same day, Plaintiffs submitted applications in each action to proceed in forma pauperis ("IFP Applications"), as well as separate motions to appoint counsel. Barrett I, Dkt. Nos. 2, 3; Barrett

---

[1] Barrett v. Benedict, No. 22-CV-0951 ("Barrett I"); Barrett v. Blaisure-Ashley, No. 22-CV-0952 ("Barrett II").

II, Dkt. Nos. 2, 3. On November 29, 2022, the Honorable Miroslav Lovric, United States Magistrate Judge, filed a joint Report and Recommendation (1) granting Plaintiffs' IFP Applications, (2) denying Plaintiffs' motions for appointment of counsel, and (3) recommending that Plaintiffs' Complaints be dismissed in their entirety without leave to amend. See Barrett I, Dkt. No. 6; Barrett II, Dkt. No. 7 (collectively, "Report-Recommendation").

No party has filed objections to the Report-Recommendation. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.  BACKGROUND

The Court assumes familiarity with Judge Lovric's Report-Recommendation, as well as with Plaintiff's factual allegations detailed therein. See R. & R. at 2–3.

## III.  STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y.

2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.    DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Barrett I, Dkt. No. 6; Barrett II, Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiffs' Complaints (Barrett I, Dkt. No. 1; Barrett II, Dkt. No. 1) are **DISMISSED without prejudice and without leave to replead**;[2] and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on 1661 State Route 244, Alfred Station, NY 14803, which is the return address most recently listed by Plaintiffs in the related action 3:22-cv-00953-LEK-ML.

---

[2] This means that, if Plaintiffs seek to file an amended complaint, they must first request permission from the Court, and they must do so in compliance with Federal Rule of Civil Procedure 15, Local Rule 7.1, and Local Rule 15.1.

**IT IS SO ORDERED.**

DATED:	April 24, 2023
	Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge